**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANT HEALTH PLANS, INC. d/b/a ALLIANT HEALTH PLANS AND AFFILIATES, *et al.*,<br><br>Defendants. | Civil Action No. 23-03645 (GC) (TJB)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendant Alliant Health Plans, Inc.'s Motion to Dismiss for lack of personal jurisdiction and/or improper venue pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2) or 12(b)(3), or in the alternative to transfer venue, or to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 13.) Plaintiff opposed, and Defendant replied. (ECF Nos. 15 & 17.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED** in part and **DENIED** in part. The case shall be **TRANSFERRED** to the United States District Court for the Northern District of Georgia.

## I.    BACKGROUND

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court for the District of New Jersey or had removed here from

the Superior Court of New Jersey since June 2023.  In each of these cases, Plaintiff sues "health insurance companies, third-party administrators, health and welfare funds, or . . . self-insured employers" based on their alleged failure to pay Plaintiff "for laboratory testing of specimen, including but not limited to COVID-19 tests, which [Plaintiff] performed for claimants."  (ECF No. 10 ¶ 1.)

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (*Id.* ¶ 10.)  Several of Plaintiff's "administrators and decision-makers live in New Jersey, work in New Jersey, and run [Plaintiff's] affairs from New Jersey." (*Id.* ¶ 11.)  Plaintiff "operated a licensed medical testing laboratory business, which provided services nationwide," and Plaintiff "performed clinical laboratory, toxicology, pharmacy, genetics, and addiction rehabilitation testing services on specimen," including "COVID-19 testing." (*Id.* ¶¶ 27-29.)

Defendant Alliant Health Plans, Inc., has its principal place of business in Dalton, Georgia. (*Id.* ¶ 12.)  Plaintiff alleges that Defendant "provides health insurance services throughout New Jersey." (*Id.*)

Plaintiff alleges that it submitted "claims" for laboratory testing to Defendant that "were supposed to" be paid "pursuant to Abira's fee schedule or the insurer's fee schedule." (*Id.* ¶¶ 38-41.)  The amount due for these "services rendered by [Plaintiff] to . . . insureds/claimants" is alleged to total $170,940. (*Id.* ¶¶ 9, 66-67.)  Plaintiff alleges that Defendant "processed and paid tens of claims sporadically throughout 2020." (*Id.* ¶ 42.)  Plaintiff does not identify the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, or any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendant.

Plaintiff asserts eight causes of action against Defendant and unnamed entities/persons: Count One for breach of contract; Count Two for breach of implied covenant of good faith and

fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for promissory estoppel; Count Six for equitable estoppel; Count Seven for quantum meruit/unjust enrichment; and Count Eight for violations of the Families First Coronavirus Response Act ("FFCRA") and the Coronavirus Aid, Relief, Economic Security ("CARES") Act. (*Id.* ¶¶ 58-122.)

This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1.)

On September 8, 2023, Plaintiff filed the Amended Complaint. (ECF No. 10.) Defendant moved to dismiss on October 2, pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6). (ECF No. 13.) Defendant argues that the case should be dismissed for lack of personal jurisdiction and improper venue, or in the alternative, the action should be transferred to the United States District Court for the Northern District of Georgia. (ECF No. 14 at 6.[1]) Defendant also argues that certain claims can be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 7-8.) On October 24, Plaintiff opposed, and Defendant replied on October 30. (ECF Nos. 15-17.)

## II.   **LEGAL STANDARD**[2]

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a statute does not authorize nationwide service of process, federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]    Because the Court determines that it lacks personal jurisdiction and does not reach the motion to dismiss for failure to state a claim, neither the Rule 12(b)(3) or 12(b)(6) standards are recited. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case.").

Jersey law. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.").

"New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (first citing N.J. Court Rule 4:4-4(c); and then citing *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986)). Therefore, the key inquiry on a motion to dismiss for lack of personal jurisdiction is whether, under the Due Process Clause, "the defendant has certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

A district court can assert either general jurisdiction (*i.e.*, "all-purpose" jurisdiction) or specific jurisdiction (*i.e.*, "case-linked" jurisdiction) over a defendant that has minimum contacts with the forum. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). For foreign corporations, a "court may assert general jurisdiction . . . to hear any and all claims against them when their affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 384 (3d Cir. 2022) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To assert specific jurisdiction over a foreign corporation there are two primary elements that must be met: "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state. Second, the contacts must give rise to—or relate to—plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citing *Ford Motor Co. v.*

*Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021)). If these elements are met, the

exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice."

*D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)

(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

## III.   DISCUSSION

### A.   PERSONAL JURISDICTION

The Court will first examine whether there is general jurisdiction over Defendant in New

Jersey and then, if no general jurisdiction, whether there is specific jurisdiction.

#### i.   GENERAL JURISDICTION

"For a corporate defendant, the main bases for general jurisdiction are (1) the place of

incorporation [or formation]; and (2) the principal place of business." *Display Works, LLC v.*

*Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117,

136 (2014)); *see also Fischer*, 42 F.4th at 383 ("For a corporation, general jurisdiction is only

proper in states where the corporation is fairly regarded as 'at home,' which generally is restricted

to the corporation's state of incorporation or the state of its principal place of business.").

"[G]eneral jurisdiction may [also] arise in the 'exceptional case' where 'a corporation's operations

in a forum other than its formal place of incorporation or principal place of business may be so

substantial and of such a nature as to render the corporation at home in that State.'" *Display Works*,

182 F. Supp. 3d at 173 (citation omitted); *see also Daimler AG*, 571 U.S. at 139 n.19. Such an

exceptional case requires a plaintiff to furnish at least some evidence that reasonably suggests that

a corporate entity's contacts with the forum state are so substantial that they surpass the entity's

contacts with other states. *See, e.g., Ontel Prod. Corp. v. Mindscope Prod.*, 220 F. Supp. 3d 555,

560 (D.N.J. 2016) ("[Plaintiff] does not provide any evidence that reasonably suggests that indirect

sales in New Jersey occur at all or that those sales surpass [the defendant's] third party sales made elsewhere.").

Here, Plaintiff pleads that Defendant has its principal place of business in Dalton, Georgia, and there is no allegation that Defendant was incorporated or has substantial operations in New Jersey. (ECF No. 10 ¶ 13.) Indeed, Defendant submits an affidavit from Celeste Richards, Chief Operating Officer of Alliant Health Plans, who attests that Defendant is organized under the laws of Georgia with a principal place of business in Georgia; Defendant is authorized as a Provider Sponsored Health Care Corporation by the Georgia Office of Commissioner of Insurance; Defendant's healthcare plans are available for purchase to Georgia residents but not to New Jersey residents; and Defendant's provider network does not include health care providers or facilities that provide patients with in-person services in New Jersey. (ECF No. 13-1 ¶¶ 2-8.) Ms. Richards also attests that Defendant's employees that review medical claims are based in Georgia. (*Id.* ¶ 9.) There is thus nothing in the record to suggest that Defendant was either incorporated or headquartered in New Jersey or that its business operations in New Jersey are so substantial that they give rise to the exceptional case of general jurisdiction.

Plaintiff's sole argument in favor of general jurisdiction is that Defendant "repeatedly did business with Abira (a New Jersey corporate citizen) for specimen testing, with an outstanding amount of approximately $170,940.00 unpaid, which is sufficiently substantial for this Court to exercise jurisdiction." (ECF No. 15 at 9.) The Court finds this argument unpersuasive, however. That Defendant may owe Abira a sum of money alone does not support the inference that Defendant operated in a meaningful way in New Jersey. And Plaintiff has not supplied any reason to believe that Defendant's contacts with New Jersey surpass its contacts with any other state.

*ii. SPECIFIC JURISDICTION*

Specific jurisdiction allows the court to adjudicate claims levied against defendants with "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum contacts analysis focuses on whether the defendant has, by some act related to the plaintiff's current cause of action, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). And specific jurisdiction is typically present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court there." *D'Jamoos*, 566 F.3d at 105 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see also Ford Motor Co.*, 141 S. Ct. at 1019 ("[T]he plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum." (quoting *Bristol-Myers Squibb*, 582 U.S. at 262)).

Although a court usually determines specific jurisdiction on a claim-by-claim basis, a claim specific analysis may not be necessary "for certain factually overlapping claims." *O'Connor*, 496 F.3d at 317 n.3; *see also TorcUP, Inc. v. Aztec Bolting Servs., Inc.*, 386 F. Supp. 3d 520, 525 n.2 (E.D. Pa. 2019) ("[F]or 'certain factually overlapping claims' courts need not evaluate specific jurisdiction on a claim-by-claim basis." (citation omitted)); *HV Assocs., LLC v. PNC Bank, N.A.*, Civ. No. 17-8128, 2019 WL 13410696, at *10 (D.N.J. Apr. 18, 2019) ("Although [s]pecific jurisdiction is generally assessed on a claim-by-claim basis, 'it may not be necessary to do so for certain factually overlapping claims.'" (citation omitted)). Because Plaintiff's claims in this case all stem from the same allegation that Defendant failed to pay Abira for laboratory testing services, a claim-specific analysis is not necessary. *See Abira Med. Lab'ys, LLC v. Johns Hopkins*

*Healthcare LLC*, Civ. No. 19-05090, 2020 WL 3791565, at *4 (E.D. Pa. July 7, 2020) ("Because

[Abira's] claims all stem from the same conduct of JHHC failing to reimburse [Abira] for . . .

laboratory testing services, a claim-specific analysis is not necessary.").

The Amended Complaint and Plaintiff's opposition brief assert three bases for specific

jurisdiction over Defendant in New Jersey: (1) Defendant's "representatives communicated with

Abira's representatives" seeking "explanation of payment on several claims"; (2) Defendant

"processed and paid tens of claims that Abira submitted"; and (3) the Employee Retirement

Income Security Act of 1974 ("ERISA") "is unique in having relaxed jurisdictional and venue

requirements."[3] (ECF No. 10 ¶¶ 25-26; ECF No. 15 at 9-13.)  None of these bases is sufficient.

As to ERISA, the Amended Complaint mentions ERISA at various points, but the first

seven causes of action are asserted as common-law claims and the eighth cause of action is for

alleged violations of the FFCRA and the CARES Act.  (ECF No. 10 ¶¶ 58-122.)  Moreover,

Plaintiff does not even allege in the Amended Complaint that the health insurance plans at issue

are in fact governed by ERISA.  (*Id.* ¶ 3 ("At this time it is unknown which of the insurance

contracts relevant to the tens of claims underlying this action fall under the ambit of ERISA

. . . .").)  Under similar circumstances, district courts in the Third Circuit have held that ERISA is

"irrelevant" to the jurisdictional analysis. *See Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue

Shield Missouri*, Civ. No. 23-4940, 2024 WL 1704981, at *4 (E.D. Pa. Apr. 19, 2024) ("[Abira]

contends that . . . [ERISA] created 'relaxed jurisdictional requirements' for plaintiffs.  Even if true,

---

[3]    The Amended Complaint also alleges that Defendant "provides health insurance services
throughout New Jersey," (ECF No. 10 ¶ 12), but such an allegation without more is insufficient to
establish personal jurisdiction over Defendant. *See, e.g., Abira Med. Lab'ys, LLC v. Cigna Health
& Life Ins. Co.*, Civ. No. 22-6408, 2023 WL 4074081, at *3 (D.N.J. June 16, 2023) ("At most,
[Abira] alleges that Cigna is registered in New Jersey and conducts business throughout the state,
including Bergen County.  Even when treated as true, these allegations are insufficient grounds for
personal jurisdiction." (collecting cases)).

this would be irrelevant; the claims enumerated in [Abira's] Complaint sound in state contract and quasi-contract law, not the ERISA statute."); *Abira Med. Lab'ys, LLC v. AvMed Inc.*, Civ. No. 23-5185, 2024 WL 1651678, at *3 (E.D. Pa. Mar. 20, 2024) ("[Abira] may not evade traditional jurisdictional requirements by making a passing reference to ERISA."); *see also Evers v. Indep. Media, Inc.*, Civ. No. 10-03081, 2010 WL 11601039, at *8 (C.D. Cal. Oct. 22, 2010) ("[T]he fact that Plaintiff's Complaint makes passing reference to an ERISA-governed plan does not mean that ERISA must govern any of her claims." (emphasis removed)).

As to Defendant's communications with Plaintiff about the alleged claims and its payment of certain claims, district courts in the Third Circuit have also repeatedly rejected nearly identical allegations as creating specific jurisdiction. These courts have found that a physician's unilateral choice to send a patient's specimen to a laboratory for testing does not create personal jurisdiction over the patient's insurer in the laboratory's home state when the insurer simply pays the resulting claims or communicates with the laboratory about the claims.[4] *See, e.g., Abira Med. Lab'ys, LLC v. IntegraNet Physician Res., Inc.*, Civ. No. 23-03849, 2024 WL 1905754, at *4 (D.N.J. Apr. 30, 2024) (finding no specific jurisdiction in New Jersey over Texas corporations that allegedly paid twenty claims to Abira in New Jersey); *Abira Med. Lab'ys, LLC*, 2024 WL 1704981, at *3 (finding specific jurisdiction lacking over Missouri health insurers because sending laboratory samples for testing in Pennsylvania and communicating with regard to reimbursement requests fell "well short [of] the kind of 'deliberate targeting of the forum' that is necessary to establish specific personal jurisdiction" (citation omitted)); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *2 ("Sending

---

[4]    The sole case cited by Plaintiff in opposition is *Conte v. Promethean Inc.*, Civ. No. 21-20490, 2022 WL 4596727 (D.N.J. Sept. 30, 2022). That case is readily distinguishable, however. There, the defendants did not challenge jurisdiction over the plaintiff's former employer, which was "a company conducting business in New Jersey whose business activity in the state [was] directly related to [the plaintiff's] claims." *Id.* at *9. Here, in contrast, Plaintiff has not established any business activity in New Jersey by Defendants giving rise to the claims.

payments to Pennsylvania alone—where the contract was not negotiated or executed there—does not constitute 'purposeful availment.'"); *Abira Med. Lab'ys LLC v. Molina Healthcare of Fla., Inc.*, Civ. No. 24-506, 2024 WL 1182855, at *3 (E.D. Pa. Mar. 19, 2024) (finding specific jurisdiction lacking over a Florida corporation because "[p]atients' physcians' decision to utilize Plaintiff's services in Pennsylvania [was] that type of 'unilateral activity' of a third party that should not subject a defendant to jurisdiction in a forum that it itself had not created contact with"); *Abira Med. Lab'ys, LLC*, 2023 WL 4074081, at *3 (finding specific jurisdiction lacking in New Jersey where it was merely alleged that the defendant was "registered in New Jersey and conduct[ed] business throughout the state" (collecting cases)); *Abira Med. Lab'ys, LLC v. Humana Inc.*, Civ. No. 22-06190, 2023 WL 3052308, at *3 (D.N.J. Apr. 24, 2023) (finding specific jurisdiction lacking in New Jersey where it was alleged that the defendant "and certain unnamed subsidiaries or affiliates failed to reimburse [Abira] for medical services provided to individuals covered by health insurance plans offered by [the defendant] and these other entities"); *Abira Med. Lab'ys, LLC*, 2020 WL 3791565, at *5 (finding no specific jurisdiction over a Maryland limited liability company in Pennsylvania despite the allegation that the defendant had previously paid for some of the laboratory testing services performed in Pennsylvania); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) ("[I]nformational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." (citation omitted)); *M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476, 492 (E.D. Pa. 2021) ("'[I]nfrequent or minimal communication' is [not] sufficient to establish purposeful, minimal contacts." (citation omitted)).

Here, too, Plaintiff has not established that Defendant has the requisite minimum contacts with New Jersey to find that it purposefully availed itself of the New Jersey forum or that the

claims at issue—Defendant's alleged failure to reimburse Plaintiff for testing services provided to Defendant's members—arise from or relate to Defendant's contacts with New Jersey. Accordingly, this Court does not have specific jurisdiction over Defendant.[5]

## B.  TRANSFER OF VENUE

Where jurisdiction is lacking, a district "court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred."[6]  28 U.S.C. § 1631.  The Third Circuit Court of Appeals has explained that "a district court that lacks personal jurisdiction must at least consider a transfer."  *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).  But "[t]he district court does . . . have 'broad discretion' not to transfer."  *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).  "And though [the district court] may transfer a case at the parties' request or *sua sponte*, it need not investigate on its own all other courts that 'might' or 'could have' heard the case."  *Id.* (citations omitted).

---

[5]     The Court is unconvinced that jurisdictional discovery would uncover evidence that would alter the conclusion, and the Court sees no reason to grant discovery when Plaintiff has not offered a sense of what relevant jurisdictional facts discovery might uncover.  *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 225 (D.N.J. 2020) ("The facts and allegations do not rise to the level where I, within my discretion, would permit further exploration through jurisdictional discovery."); *see also Abira Med. Lab'ys*, 2023 WL 4074081, at *3 ("[J]urisdictional discovery is unwarranted because the Complaint does not include 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003))); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *3 (same).

[6]     *See North v. Ubiquity, Inc.*, 72 F.4th 221, 227 (7th Cir. 2023) ("[E]very circuit court to address this issue has agreed that § 1631's reference to 'jurisdiction' encompasses personal jurisdiction as well as subject matter jurisdiction.").

Here, the Court finds that it is appropriate to transfer this action to the United States District Court for the Northern District of Georgia. Under 28 U.S.C. §1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The Amended Complaint raises a federal question (under the FFCRA and CARES Ac in Count Eight) and alleges that Defendant has its principal place of business in Dalton, Georgia, and Defendant itself argues that this action could have been appropriately brought in the Northern District of Georgia where it has its principal place of business and is subject to general jurisdiction. (ECF No. 14 at 7, 20 ("Venue would be appropriate in the Northern District of Georgia because Alliant is subject to personal jurisdiction there.")); *see also Bernard v. I.C. Sys., Inc.*, Civ. No. 22-1129, 2023 WL 2263599, at *3 (D.N.J. Feb. 27, 2023) ("[V]enue for this case would be proper . . . where Defendant's principal place of business is located."). Thus, venue is proper in the Northern District of Georgia.

Transfer rather than dismissal is also in the interest of justice because there is no indication that transfer would unduly benefit any party, and it avoids penalizing Plaintiff by "time-consuming and justice-defeating technicalities" such as forcing the refiling of the pleading. *Binks v. US Tech Sols.*, Civ. No. 20-02969, 2020 WL 6701470, at *4 (D.N.J. Nov. 12, 2020) (quoting *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012)); *see also Tripp v. Ascentage Pharma Grp. Int'l*, Civ. No. 22-5934, 2023 WL 5425506, at *7 (D.N.J. Aug. 23, 2023) ("[T]ransfer often has the advantage over dismissal because it provides the benefit of maintaining continuity and avoiding litigation over whether the refiled action is time-barred."). The case shall therefore be transferred to the Northern District of Georgia.

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss the Amended Complaint (ECF No. 13) is **GRANTED** in part and **DENIED** in part.[7]  An appropriate Order follows.

Dated:  May 28, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7]     The Court does not reach the Rule 12(b)(6) arguments as to why certain of Plaintiff's claims fail as a matter of law.